**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **DEBRA PARKS,** *et al.*,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ALPHARMA, INC.,** *et al.*,<br><br>**Defendants.** | )<br>)<br>)<br>)<br>) **Case No. 1:06-CV-02411**<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Alpharma, Inc. ("Alpharma"), by its undersigned attorney, hereby responds to the Complaint of Plaintiff Debra Parks as follows, upon knowledge as to itself and its own acts and upon information and belief as to all other matters:

1.      The allegations in paragraph 1 characterizing Plaintiff's action are legal conclusions to which no answer is required.

2.      The allegations in paragraph 2 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

3.      The allegations in paragraph 3 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

4.      The allegations in paragraph 4 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

5.      The allegations in paragraph 5 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

6.      The allegations in paragraph 6 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

7.      The allegations in paragraph 7 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

8.      Alpharma denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

10.     The allegations in paragraph 10 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

11.     Paragraph 11 purports to paraphrase the False Claims Act as it read prior to amendments passed in May 2009.  *See* Pub. L. No. 111-21, § 49(a), 123 Stat. 1621.  No answer to these allegations is required.

12.     Paragraph 12 purports to paraphrase certain provisions of  the FCA, allegations to which no answer is required.

13.     To the extent the allegations in paragraph 13 concern Count XXVI, Alpharma denies the allegations in paragraph 13.  To the extent the allegations in paragraph 13 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

14.     The allegations in paragraph 14 are not allegations to which a response is required.

15.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that she resides in Reisterstown, Maryland.  Alpharma admits the remaining allegations in paragraph 15, with the exception of Plaintiff's allegation that she was dismissed from her position in retaliation for her complaints about Alpharma's alleged illegal marketing activities, which Alpharma denies.

16.     Alpharma denies the allegations in paragraph 16.

17.     Alpharma denies the allegations in paragraph 17.

18.     The allegations in paragraph 18 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

19.     Alpharma denies the allegations in paragraph 19.

20.     Alpharma denies the allegations in paragraph 20, except Alpharma admits that at the times relevant to this lawsuit, Alpharma manufactured and marketed Kadian through its subsidiaries, which at that time included Purepac and Faulding, both of which had offices in New Jersey.

21.     The allegations in paragraph 21 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

22.     Alpharma admits the allegations in paragraph 22.

23.     The allegations in paragraph 23 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

24.     Alpharma admits the allegations in paragraph 24.

25.     Alpharma admits the allegations in paragraph 25, except Alpharma denies the allegation that statutory violations occurred in this District.

26.     Paragraph 26 purports to describe the Medicare program, allegations to which no answer is required.

27.     Paragraph 27 purports to describe aspects of the Medicare program, allegations to which no answer is required.

28.     Paragraph 28 purports to describe Part D of the Medicare program, allegations to which no answer is required.

29.     Paragraph 29 purports to describe the Medicaid program, allegations to which no answer is required.

30.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 30.

31.     Paragraph 31 purports to summarize certain aspects of the Medicaid program, allegations to which no answer is required.

32.     Paragraph 32 purports to summarize the Medicaid program's regulations, allegations to which no answer is required.

33.     Paragraph 33 purports to paraphrase the eligibility aspects of the Medicare and Medicaid programs, allegations to which no answer is required.

34.     Paragraph 34 purports to summarize federal drug reimbursement policies under "other federal health care programs," allegations to which no answer is required.

35.     Paragraph 35 purports to summarize the purpose of TRICARE, allegations to which no answer is required.

36.     Paragraph 36 purports to summarize the purpose of CHAMPVA, allegations to which no answer is required.

37.     Paragraph 37 purports to summarize the purpose of the Federal Employee Health Benefit Program, allegations to which no answer is required.

38.     Paragraph 38 purports to summarize the purpose of "State-funded health care programs," allegations to which no answer is required.

39.     Paragraph 39 purports to describe the role of the United States as a direct purchaser of prescription drugs, allegations to which no answer is required.

40.     Paragraph 40 purports to describe the role of the Department of Veteran Affairs as a direct purchaser of prescription drugs, allegations to which no answer is required.

41.     Paragraph 41 purports to describe the role of the Department of Defense as a direct purchaser of prescription drugs, allegations to which no answer is required.

42.     Paragraph 42 quotes from the provision of an amendment to the Social Security Act cited therein, allegations to which no answer is required.

43.     Paragraph 43 purports to paraphrase a provision of an amendment to the Social Security Act cited therein, allegations to which no answer is required.

44.     Paragraph 44 purports to paraphrase the federal regulations cited therein, allegations to which no answer is required.

45.     Alpharma lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 45.

46.     The allegations in paragraph 46 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

47.     The allegations in paragraph 47 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

48.     The allegations in paragraph 48 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

49.     The allegations in paragraph 49 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

50.     The allegations in paragraph 50 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

51.     The allegations in paragraph 51 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

52.     The allegations in paragraph 52 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

53.     The allegations in paragraph 53 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

54.     The allegations in paragraph 54 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

55.     Paragraph 55 purports to paraphrase provisions of the Anti-Kickback Statute, allegations to which no answer is required.

56.     Paragraph 56 purports to paraphrase provisions of the Anti-Kickback Statute, allegations to which no answer is required.

57.     Paragraph 57 purports to paraphrase provisions of the Anti-Kickback Statute, allegations to which no answer is required.

58.     Paragraph 58 purports to describe and cite from the formal guidance issued in 2003 to pharmaceutical manufacturers by the Office of the Inspector General of the Department of Health and Human Services ("the Guidance"), allegations to which no answer is required.

59.     Paragraph 59 purports to describe provisions the Guidance, allegations to which no answer is required.

60.     Paragraph 60 purports to describe and cite provisions of the Guidance, allegations to which no answer is required.

61.     Paragraph 61 purports to paraphrase provisions of the Guidance concerning the PhRMA Code on Interactions with Healthcare Professionals ("PhRMA Code"), allegations to which no answer is required.

62.     Paragraph 62 purports to summarize certain aspects of the federal Anti-Kickback Statute, allegations to which no answer is required.

63.     Paragraph 63 purports to summarize certain provisions of the federal Anti-Kickback Statute, Medicare, and/or Medicaid, allegations to which no answer is required.

64.     Paragraph 64 purports to describe aspects of the contents of the Medicare and Medicaid claim form, allegations to which no answer is required.

65.     Paragraph 65 purports to describe the certification requirements under certain federal rules and regulations, including the federal Anti-Kickback Statute, allegations to which no answer is required.

66.     Paragraph 66 purports to describe certain aspects of the Anti-Kickback Statute, allegations to which no answer is required.

67.     Paragraph 67 purports to describe certain powers of the Secretary of HHS, allegations to which no answer is required.

68.     Paragraph 68 purports to summarize certain requirements for reimbursement under Medicare, Medicaid, and/or other federal or state-funded health care programs, allegations to which no answer is required.

69.     Paragraph 69 purports to describe certain aspects of the Guidance and the PhRMA Code, allegations to which no answer is required.

70.     Paragraph 70 purports to describe portions of the Guidance cited therein, allegations to which no answer is required.

71.     Paragraph 71 purports to describe portions of the Guidance quoted therein, allegations to which no answer is required.

72.     Paragraph 72 purports to describe portions of the Guidance quoted therein, allegations to which no answer is required.

73.     Paragraph 73 purports to characterize sham "consulting" and "advisory" arrangements, allegations to which no answer is required.

74.     Paragraph 74 purports to describe portions of the Guidance and the PhRMA Code quoted therein, allegations to which no answer is required.

75.     The allegations in paragraph 75 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

76.     The allegations in paragraph 76 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

77.     The allegations in paragraph 77 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

78.     The allegations in paragraph 78 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

79.     The allegations in paragraph 79 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

80.     The allegations in paragraph 80 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

81.     The allegations in paragraph 81 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

82.     Paragraph 82 purports to describe portions of the Guidance quoted therein, allegations to which no answer is required.

83.     The allegations in paragraph 83 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

84.     The allegations in paragraph 84 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

85.     The allegations in paragraph 85 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

86.     The allegations in paragraph 86 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

87.     The allegations in paragraph 87 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

88.     The allegations in paragraph 88 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

89.     The allegations in paragraph 89 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

90.     The allegations in paragraph 90 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

91.     The allegations in paragraph 91 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

92.     The allegations in paragraph 92 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

93.     Paragraph 93 purports to describe portions of the Guidance quoted therein, allegations to which no answer is required.

94.     The allegations in paragraph 94 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

95.     The allegations in paragraph 95 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

96.     The allegations in paragraph 96 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

97.     The allegations in paragraph 97 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

98.     The allegations in paragraph 98 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

99.     The allegations in paragraph 99 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

100.    The allegations in paragraph 100 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

101.    The allegations in paragraph 101 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

102.    The allegations in paragraph 102 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

103.    The allegations in paragraph 103 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

104.    The allegations in paragraph 104 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

105.    Paragraph 105 purports to describe certain aspects of the Guidance quoted therein, allegations to which no answer is required.

106.    Paragraph 106 purports to describe certain aspects of the Guidance quoted therein, allegations to which no answer is required.

107.    Paragraph 107 purports to describe certain aspects of the Guidance quoted therein, allegations to which no answer is required.

108.    The allegations in paragraph 108 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

109.    The allegations in paragraph 109 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

110.    The allegations in paragraph 110 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

111.    The allegations in paragraph 111 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

112.    The allegations in paragraph 112 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

113.    The allegations in paragraph 113 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

114.    Paragraph 114 purports to summarize provisions of the Anti-Kickback Statute, allegations to which no answer is required.

115.    Paragraph 115 purports to summarize the use of "formularies" in connection with health care plans, allegations to which no answer is required.

116.    Paragraph 116 purports to describe certain portions of the Guidance cited therein, allegations to which no answer is required.

117.    The allegations in paragraph 117 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

118.    The allegations in paragraph 118 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

119.    The allegations in paragraph 119 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

120.     Paragraph 120 purports to paraphrase certain provisions of the statute cited therein, allegations to which no answer is required.

121.     Paragraph 121 purports to paraphrase certain provisions of the statute cited therein, allegations to which no answer is required.

122.     Paragraph 122 purports to describe certain aspects of drug labeling under the FDCA and related case law, allegations to which no answer is required.

123.     Paragraph 123 purports to describe certain aspects the FDCA, allegations to which no answer is required.

124.     Paragraph 124 contains legal conclusions to which no answer is required.

125.     Paragraph 125 purports to describe certain FDCA provisions cited therein, allegations to which no answer is required.

126.     Paragraph 126 purports to describe "off-label marketing," allegations to which no answer is required.

127.     Paragraph 127 purports to summarize the role of the FDA  and "federal law and regulations," allegations to which no answer is required.

128.     Paragraph 128 purports to describe certain aspects of drug labeling under federal regulations and related case law, allegations to which no answer is required.

129.     Paragraph 129 contains legal conclusions to which no answer is required.

130.     The allegations in paragraph 130 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

131.    The allegations in paragraph 131 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

132.    The allegations in paragraph 132 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

133.    The allegations in paragraph 133 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

134.    The allegations in paragraph 134 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

135.    The allegations in paragraph 135 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

136.    The allegations in paragraph 136 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

137.    The allegations in paragraph 137 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

138.    The allegations in paragraph 138 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

139.    The allegations in paragraph 139 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

140.    The allegations in paragraph 140 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

141.    The allegations in paragraph 141 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

142.     The allegations in paragraph 142 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

143.     The allegations in paragraph 143 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

144.     The allegations in paragraph 144 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

145.     The allegations in paragraph 145 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

146.     The allegations in paragraph 146 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

147.     The allegations in paragraph 147 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

148.    The allegations in paragraph 148 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

149.    The allegations in paragraph 149 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

150.    The allegations in paragraph 150 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

151.    The allegations in paragraph 151 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

152.    The allegations in paragraph 152 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

153.    The allegations in paragraph 153 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

154.    The allegations in paragraph 154 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

155.    The allegations in paragraph 155 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

156.    The allegations in paragraph 156 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

157.    The allegations in paragraph 157 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

158.    The allegations in paragraph 158 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

159.    The allegations in paragraph 159 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

160.    The allegations in paragraph 160 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

161.    The allegations in paragraph 161 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

162.    The allegations in paragraph 162 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

163.    The allegations in paragraph 163 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

164.    The allegations in paragraph 164 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

165.    The allegations in paragraph 165 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

166.    The allegations in paragraph 166 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

167.    The allegations in paragraph 167 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

168.    The allegations in paragraph 168 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

169.    The allegations in paragraph 169 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

170.    The allegations in paragraph 170 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

171.    The allegations in paragraph 171 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

172.    The allegations in paragraph 172 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

173.    The allegations in paragraph 173 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

174.    The allegations in paragraph 174 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

175.    Paragraph 175 purports to summarize certain aspects of the history and intent of the Medicaid program and related federal legislation concerning the purchase of prescription drugs, allegations to which no answer is required.

176.    Paragraph 176 purports to describe aspects of the Medicaid reimbursement program relating to outpatient prescription drugs, allegations to which no answer is required.

177.    Paragraph 177 purports to summarize the Medicaid reimbursement process concerning rebate payments, allegations to which no answer is required.

178.    Paragraph 178 purports to describe aspects of the Medicaid rebate program, allegations to which no answer is required.

179.    Paragraph 179 purports to describe aspects of the Medicaid rebate program relating to the calculation of the quarterly Average Manufacturing Price, allegations to which no answer is required.

180.    Paragraph 180 purports to describe aspects of the Medicaid rebate program relating to the calculation of the Best Price, allegations to which no answer is required.

181.    Paragraph 181 purports to describe the Medicaid program prices for purchases by other federal agencies, including the Department of Veteran Affairs, the Department of Defense, the Public Health Service, and the Coast Guard, allegations to which no answer is required.

182.    Paragraph 182 purports to describe aspects of the Medicaid drug pricing program relating to the Federal Supply Schedule, allegations to which no answer is required.

183.    Paragraph 183 purports to describe aspects of the Medicaid drug pricing program affecting the Department of Defense, allegations to which no answer is required.

184.    Paragraph 184 purports to describe aspects of the Medicaid drug pricing program affecting entities funded by the Public Health Service, allegations to which no answer is required.

185.    Paragraph 185 purports to describe aspects of the Guidance quoted therein, allegations to which no answer is required.

186.    Paragraph 186 purports to describe aspects of the Guidance quoted therein, allegations to which no answer is required.

187.    The allegations in paragraph 187 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

188.    The allegations in paragraph 188 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

189.    The allegations in paragraph 189 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

190.    The allegations in paragraph 190 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the

parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

191.    The allegations in paragraph 191 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

192.    The allegations in paragraph 192 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

193.    The allegations in paragraph 193 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

194.    The allegations in paragraph 194 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

195.    Alpharma denies the allegations in paragraph 195.

196.    Alpharma denies the allegations in paragraph 196.

197.    Alpharma denies the allegations in paragraph 197.

198.    Alpharma denies the allegations in paragraph 198.

199.    Alpharma denies the allegations in paragraph 199.

200.    The allegations in paragraph 200 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

201.    Paragraph 201 purports to summarize the role of nurse practitioners in the administration of Medicare, allegations to which no answer is required.

202.    Paragraph 202 purports to describe billing procedures relating to nurse practitioners who participate in the Medicare program, allegations to which no answer is required.

203.    Paragraph 203 purports to describe billing requirements relating to nurse practitioners and physicians who participate in the Medicare program, allegations to which no answer is required.

204.    The allegations in paragraph 204 concern Counts I through XXIV, which have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

205. – 444. Counts I through XXIV have been dismissed with prejudice pursuant to a settlement agreement entered into by the parties.  Accordingly, no answer is required to these allegations.  To the extent an answer is required, the allegations are denied.

445.    Alpharma restates and incorporates by reference its responses to paragraphs 1 through 204.

446.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 446.

447.     Alpharma denies the allegations in paragraph 447.

448.     Alpharma denies the allegations in paragraph 448.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which punitive damages can be awarded.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of unclean hands, estoppel, and laches.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, Alpharma denies that Plaintiff is entitled to the relief requested, or any other relief, and respectfully requests that the Court:

1. dismiss this action with prejudice and award judgment in its favor as to any and all remaining counts in Plaintiff's complaint;

2. award defendant its costs and attorneys' fees; and

3. grant such other relief as the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Thomas S. Williamson, Jr. (D. Md. Bar # 07695)
Lindsay B. Burke (Pro Hac Vice)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC  20001
(202) 662-5438 phone
(202) 778-5438 fax
twilliamson@cov.com

*Attorneys for Defendant Alpharma, Inc.*

August 19, 2010

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 19th day of August, 2010, a copy of the foregoing ANSWER

was filed with the Court's CM/ECF system, which sent notice to the following, pursuant to

Standing Order 2003-8 and Local Rule 102(1)(c):

Robert C. Morgan, Esq.
MORGAN CARLO DOWNS & EVERTON, P.A.
Executive Plaza IV, Suite 100
11350 McCormick Road
Hunt Valley, MD  21031
RCMorgan@morgancarlo.com

Mary Louise Cohen
PHILLIPS and COHEN LLP
2000 Massachusetts Ave., NW
Washington, DC  20036
mlc@phillipsandcohen.com

Timothy P. McCormick
PHILLIPS and COHEN LLP
2000 Massachusetts Ave., NW
Washington, DC  20036
tmccormack@phillipsandcohen.com

*Attorneys for Plaintiff Debra Parks*

<u>            /s/                          </u>
Lindsay B. Burke